UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRANDON HALL,

                                      Petitioner,

        v.

JAMES CONWAY,

                                    Respondent.

<u>DECISION & ORDER</u>

04-CV-6011L

---

        Petitioner was convicted in New York State Court, following a plea for murder in the first and second degrees.  On May 13, 2002, the New York Court of Appeals denied petitioner leave to appeal.  Petitioner thereafter filed an application for a writ of *coram nobis*, which was denied by the Appellate Division, Fourth Department on June 13, 2003.  Leave to appeal to the New York Court of Appeals was denied on October 9, 2003.

        On January 13, 2004, petitioner filed the above-captioned petition with this Court, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket # 1).  His petition asserts several grounds for relief, including, that he was denied his constitutional right to due process, that his conviction violated the constitutional prohibition against double jeopardy and that he did not receive effective assistance of appellate counsel.  (Docket # 1).  Currently before this Court is petitioner's motion seeking the following relief: (1) a stay of the pending litigation so that he may properly exhaust additional state claims; (2) appointment of counsel; and (3) an evidentiary hearing.  (Docket # 11).

**A.  <u>Motion to Stay</u>**

Petitioner moves to stay this action so that he may be permitted to return to state court to resolve claims that he was denied the effective assistance of trial counsel.  Although he posits several different bases in support of such a claim, in essence, petitioner alleges that counsel inappropriately pressured him into accepting a plea agreement.  (Docket # 11).  This claim, however, is not included in the original petition, nor has petitioner filed a motion to amend his petition.

When a federal court is presented with a habeas petition containing both exhausted and unexhausted claims – a "mixed petition" – the court may in its discretion stay the pending petition for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims.  *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001).  The court's discretion, however, is not without limits.  According to the Supreme Court,

> [A] stay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner has good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In order to grant a stay to permit a petitioner to exhaust state claims, the habeas court must be presented with a mixed petition containing both exhausted and unexhausted claims.  *See Clancy v. Phillips*, 2005 WL 1560485, *6 (S.D.N.Y. 2005) (finding stay and

2

abeyance procedure available only when court presented with mixed petition). In the case at bar, although petitioner requests time to exhaust his claim that he was denied the effective assistance of trial counsel, he did not include such a claim in his petition and he has not sought leave to amend his petition. Without such a "mixed petition" before it, the Court cannot determine whether the most appropriate course of action would be to stay the petitioner's exhausted claims to allow the opportunity to exhaust additional claims, to permit the withdrawal of the entire petition with leave to re-file a new petition in which the additional claims are raised, or merely to proceed on the original petition. Neither can the Court determine, without reviewing a proposed amended petition, whether the unexhausted claims satisfy the criteria articulated by the Supreme Court in *Rhines v. Weber*.

Judged under this authority, petitioner's motion to stay the pending action is denied without prejudice at this time. Should he wish to include any as yet unexhausted claims, he should file a motion to amend his petition and to stay the proceedings, accompanied by a proposed amended petition. His motion should also demonstrate that a stay is appropriate under the standard enunciated in *Rhines*.

**B. Motion for Appointment of Counsel**

Petitioner also moves for the appointment of counsel. (Docket # 11). It is clear that courts are authorized by 28 U.S.C. § 1915(e)(1) to appoint counsel in order to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Indeed, pursuant to Rule 8(c) of the Rules Governing Section 2254 cases in the United States District Courts, it is within a court's discretion to appointed counsel at any stage of

3

the proceeding "if the interests of justice so require."  *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

Notwithstanding the court's ability to assign counsel, however, it is also clear that prisoners do not have a constitutional right to counsel when bringing collateral attacks upon their convictions.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989).  Habeas petitioners who qualify under the Criminal Justice Act, are entitled to counsel if an evidentiary hearing is required, as are indigent petitioners who seek to vacate or set aside a sentence of death.  21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

This Court has reviewed the facts presented herein in light of the factors required by law.  Specifically, as stated below, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.  In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time.  Accordingly, it does not appear at this time that petitioner needs the assistance of counsel to present the claims contained within his petition, which appear to be claims that can be addressed and reviewed solely by means of the record already before the Court.

Based on this review, petitioner's motion for appointment of counsel is denied without prejudice at this time.  It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*.  28 U.S.C. § 1654.  Petitioner's motion for the appointment of counsel is therefore denied.

## C.  Motion for Evidentiary Hearing

In his final motion, petitioner requests that the Court conduct an evidentiary hearing.  (Docket # 11).  Although a district court may order an evidentiary hearing if it finds material facts to be in dispute, petitioners applying for a writ of habeas corpus generally are not entitled to such a hearing.  *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992); *Pagan v. Keane*, 984 F.2d 61, 63-64 (2d Cir. 1993).  To warrant an evidentiary hearing, a habeas petitioner must demonstrate both cause for his failure to have previously developed an adequate factual record and prejudice resulting from that failure.  *Keeney v. Tamayo-Reyes*, 504 U.S. at 5; *Pagan v. Keane*, 984 F.2d at 64.

Here, petitioner merely states in conclusory fashion that an evidentiary hearing is warranted based upon the gravity of the offenses for which he was convicted, the length of the sentence imposed and the "unconstitutionality of New York's death penalty and plea statutes." (Docket # 11).  Petitioner's arguments, however, are merely legal conclusions and do not identify a factual dispute for which a hearing would be warranted.  As a result, petitioner's motion for an evidentiary hearing is denied.

## CONCLUSION

For the foregoing reasons, it is the decision and order of this Court that petitioner's motion to stay this matter **(Docket # 11)** is **DENIED**.  It is this Court's further decision that petitioner's motion for the appointment of counsel **(Docket # 11)** is **DENIED**.

Finally, it is my decision that petitioner's motion for an evidentiary hearing **(Docket # 11)** is

**DENIED**.

**IT IS SO ORDERED.**

       *s/Marian W. Payson*
          MARIAN W. PAYSON
         United States Magistrate Judge

Dated: Rochester, New York
      June   23  , 2008